**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FIDADELFO CEFERINO CALDERON-CARILLO, | No.   15-73490 |
| Petitioner, | Agency No. A071-521-952 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Fidadelfo Ceferino Calderon-Carillo, a native and citizen of Guatemala,

petitions for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture and

thus is not entitled to relief from his reinstated removal order.  We have

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Calderon-Carillo failed to establish a reasonable possibility of future persecution in Guatemala on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the IJ's conclusion that Calderon-Carillo failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the Guatemalan government. *See Andrade-Garcia*, 828 F.3d at 836-37.

We do not consider the materials Calderon-Carillo references for the first time in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to "the administrative record upon which the [removal] order is based") (internal quotation and citation omitted).

**PETITION FOR REVIEW DENIED.**